UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK JOHNSON III,<br><br>Plaintiff,<br><br>v.<br><br>PTS OF AMERICA, LLC, et al.,<br><br>Defendants. | Case No. 1:18-cv-0434-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT PTS OF AMERICA, LLC'S MOTION TO DISMISS**<br><br>(Doc. 25)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff proceeds in this civil rights action pursuant to 42 U.S.C. § 1983, against defendants Melvin Moore, Elinore Sawyer, John Doe, and PTS of America, LLC ("PTSA") on claims that arose while he was a pretrial detainee. Relevant here, plaintiff brings a Fourteenth Amendment conditions of confinement claim and state law claims for negligence and intentional infliction of emotional distress against PTSA. This defendant now moves to dismiss all claims asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff failed to allege in the pleading that he exhausted his administrative remedies prior to filing suit. For the reasons set forth below, the Court will recommend that this motion be denied.

Under the Prisoner Litigation Reform Act, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the

1

applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

The "failure to exhaust is an affirmative defense under the PLRA, ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). In a limited number of cases, the failure to exhaust may be clear from the face of the complaint; however, "such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); see Jones v. Bock, 549 U.S. 199, 216 (2007) (failure to exhaust is an affirmative defense and a prisoner is not required to plead or demonstrate exhaustion in the complaint). In the rare case where failure to exhaust is clear from the face of the complaint, the defendant may move to dismiss under Rule 12(b)(6). Albino, 747 F.3d at 1169.

To properly be considered on a Rule 12(b)(6) motion, the nonexhaustion defense must raise no disputed issues of fact. See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirmative defense may be raised by motion to dismiss only if "the defense raises no disputed issues of fact"). Typically, to show that a prisoner has failed to exhaust remedies, a defendant will have to present probative evidence on a motion for summary judgment under Rule 56. Albino, 747 F.3d at 1169.

PTSA does not argue in its moving papers that plaintiff failed to exhaust his administrative remedies prior to filing this action.[1] Indeed, it asserts that it has "not yet been able to obtain Plaintiff's records to determine whether he has even begun the administrative appeal process, let alone exhausted it." Mot. to Dism. 5. In addition, the Court cannot conclude from the face of the complaint that administrative remedies were made available to plaintiff and that he failed to exhaust those remedies. Instead, PTSA's request for dismissal is premised solely on plaintiff's failure to affirmatively plead exhaustion. Because plaintiff is under no obligation to

---

[1] PTSA's Reply seizes on language in plaintiff's Opposition suggesting that plaintiff did not submit an inmate grievance with the Nevada Department of Corrections on his claim against the PTSA. Even if true, the instant motion to dismiss is not the proper vehicle to consider that argument. See Albino, 747 F.3d at 1169.

2

1. "specially plead or demonstrate exhaustion[2]" in his complaint, this is not a proper ground for dismissal. See Jones, 549 U.S. at 216. Accordingly, the Court **RECOMMENDS** that defendant PTSA's motion to dismiss (Doc. 25) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 12, 2020**     /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[2] PTSA may be confusing the requirements of the PLRA with the pleading requirements of California's Government Claims Act (Cal. Gov. § 810 et. seq.)